ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Facsimile: 702-825-0141
andrew@mlolegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LENNY ALVARADO, Individually and on Behalf of All Others Similarly Situated,<br><br>                                             Plaintiff,<br><br>       vs.<br><br>CV SCIENCES, INC., MICHAEL MONA, JR., JOSEPH D. DOWLING, and MICHAEL MONA, III,<br><br>                                        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lenny Alvarado ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding CV Sciences, Inc. ("CV Sciences"), analysts' reports and advisories about CV Sciences, and information readily obtainable on the Internet.

Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE AND SUMMARY OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired CV Sciences securities between June 19, 2017 and August 20, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against CV Sciences and certain of its top officials.

2.      CV Sciences purports to operate as a life sciences company.  It represents that it has two business divisions: Specialty Pharmaceuticals and Consumer Products.  Its Specialty Pharmaceuticals division develops "synthetically-formulated cannabidiol-based medicine," while the Consumer Products division "delivers botanical-based cannabidiol products that enhance quality of life."

3.      CV Sciences was founded in 2010 and is headquartered in Las Vegas, Nevada.  Its common stock trades over-the-counter ("OTC") under the ticker symbol "CVSI".

4.      The Company's chief pharmaceutical product is identified as CVSI-007, a chewing gum product that combines cannabidiol and nicotine in treatment of smokeless tobacco use and addiction. The Company described CVSI-007 to the public as its "lead drug candidate" with a market that has been estimated at "greater than $2 billion," providing an important growth channel for CV Sciences.

5.      On May 16, 2016, CV Sciences filed a patent application with the US Patent Trademark Office ("USPTO") for CVSI-007, titled "Pharmaceutical Formulations Containing Cannabidiol and Nicotine For Treating Smokeless Tobacco Addiction." On February 7, 2017, CV Sciences filed a continuing patent application under the same title, Patent #15/426,617 (the "Patent").

6. On April 27, 2017, the USPTO made a non-final rejection decision on the Company's Patent and mailed CV Sciences a letter indicating the non-final rejection status of its Patent on June 6, 2017.

7. On December 14, 2017, the USPTO made a final rejection decision on the Company's Patent and mailed CV Sciences a letter indicating the final rejection status of its Patent on December 20, 2017.

8. During the Class Period, CV Sciences *never* disclosed the material information concerning the Patent described *supra* at ¶¶ 5-7 to the public, either through its several SEC disclosures or in any other forum. Since the rejection of the Patent on April 27, 2017, CV Sciences has discussed CVSI-007 in four Form 8-K reports, four Form 10-Q reports, and a Form 10-K report for fiscal 2017—*none* of which disclose or indicate the Patent's rejected status.

9. On August 20, 2018, Citron Research ("Citron") reported, via Twitter, the Defendants' failure to disclose either the April 27, 2017 non-final rejection or the December 14, 2017 final rejection of the Patent application for CVSI-007.

10. Following publication of the Citron report, CV Sciences' stock price fell $2.40 per share, or 36.31%, to close at $4.21 per share on August 20, 2018.

## JURISDICTION AND VENUE

11. The claims asserted herein arise under §§10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and § 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and §27 of the Exchange Act (15 U.S.C. § 78aa).

13. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) because CV Sciences' principal executive offices are located within this Judicial District.

14. In connection with the acts, omissions, conduct and other wrongs in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including but not limited to the United States mail, interstate telephone communications, and the facilities of the over-the-counter securities market.

## PARTIES

15. Plaintiff, as set forth in the attached Certification, acquired CV Sciences securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

16. Defendant CV Sciences is incorporated in Delaware, with principal executive offices located at 2688 South Rainbow Boulevard, Suite B, Las Vegas, Nevada 89146. CV Sciences common stock trades on the OTC market under the ticker symbol "CVSI."

17. Defendant Michael Mona, Jr., the Company's founder, served as President, Chief Executive Officer ("CEO"), and a Director of the Company from January 2013 until May 2018. Since May 2018, Mr. Mona has served as Founder Emeritus.

18. Defendant Joseph D. Dowling ("Dowling") has served as the Company's CEO since May 2018. He has also served as Chief Financial Officer ("CFO") since June 2014.

19. Defendant Michael Mona, III, has served as the Company's Chief Operating Officer ("COO") since March 2017 and a Director since May 2016.

20. The Defendants listed in ¶¶ 17-19 are sometimes collectively referred to herein as the "Individual Defendants."

21. The Individual Defendants possessed the power and authority to control the contents of CV Sciences' SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of CV Sciences' SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to

cause them to be corrected. Because of their positions with CV Sciences, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

22.     In 2016, CV Sciences submitted an application to the USPTO to patent its principal pharmaceutical product, CVSI-007, titled "Pharmaceutical Formulations Containing Cannabidiol and Nicotine For Treating Smokeless Tobacco Addiction." On February 7, 2017, CV Sciences filed a continuing patent application under the same title, Patent #15/426,617.

23.     CVSI-007 is a chewing gum containing nicotine and synthetic cannabidiol to support cessation of smokeless tobacco use and addiction. The Company described CVSI-007 to the public as its "lead drug candidate" in its pharmaceutical division, which is based on "proprietary formulations, processes and technology that we believe are patent-protectable" and has a market that has been estimated at "greater than $2 billion," providing an important growth channel for CV Sciences.

24.     On April 27, 2017, the USPTO made a non-final rejection decision on the Patent. Moreover, the USPTO mailed CV Sciences a letter indicating the non-final rejection of its Patent on June 6, 2017.

25.     On December 14, 2017, the USPTO made a *final* rejection decision on the Patent and mailed CV Sciences a letter indicating the *final* rejection status of its Patent on December 20, 2017.

### Materially False and Misleading Statements Issued During the Class Period

26.     After being notified of both the non-final and subsequent final rejection decisions on the Patent, Defendants failed to make any disclosures or statements regarding the Patent's status, despite the

5

Company's self-proclaimed "effective" disclosure controls and procedures.

27.     The Class Period begins on June 19, 2017, when CV Sciences issued a press release specifically regarding the "plan for CVSI-007, the Company's patent-pending product for smokeless tobacco addiction therapy consisting of nicotine-polacrilex chewing gum in combination with synthetic cannabidiol (CBD)." Then-President and Chief Executive Officer Michael J. Mona, Jr. commented that the Company had "a favorable development roadmap for this important combination drug candidate" and further explained that CVSI-007 was based on the Company's "own proprietary research." However, the press release failed to mention that the Company was mailed a non-final rejection of its Patent a mere thirteen days prior.

28.     On August 11, 2017, the Company filed Form 10-Q for Q2 of fiscal 2017, signed by then-President and Chief Executive Officer Michael Mona, Jr. and Chief Financial Officer Joseph D. Dowling, which covered the period of April 1, 2017 to June 30, 2017. It stated: "The Company's product candidates are based on proprietary formulations, processes and technology that ***we believe are patent-protectable, and we plan to vigorously pursue patent protection***." (Emphasis added.)   Although Defendants first learned that the Patent's status changed from "petition entered" to "non-final rejection" during this period, Defendants failed to disclose the material change of the Patent's status.

29.     On September 12, 2017, the Company published a Corporate Update addressed to its investors, in which CV Sciences discussed the drug development program and market potential for CVSI-007. The Company describes CVSI-007 as its "lead drug candidate" with "***proprietary technology (patent pending)***" (emphasis added) but failed to alert its investors of the rejected status of the Patent.

30.     On November 8, 2017, CV Sciences filed a quarterly report on Form 10-Q for the third quarter of 2017 (the "Q3 2017 10-Q").  The Q3 2017 10-Q was signed by then-President and CEO Michael Mona, Jr. and CFO Joseph D. Dowling.  In the Q3 2017 10-Q, Defendants again failed to disclose that they had knowledge of the rejected status of the Patent and stated: **"**The Company's product

6

candidates are based on proprietary formulations, processes and technology that ***we believe are patent***

***protectable, and we plan to vigorously pursue patent protection*.**" (Emphasis added.)

31.    On March 30, 2018, CV Sciences filed an annual report on Form 10-K for the year 2017

(the "2017 10-K").  The 2017 10-K was signed by then-President and CEO Michael Mona, Jr., CFO

Joseph D. Dowling, and COO Michael Mona, III.  The 2017 10-K included a description of the

Company's current operations for the pharmaceuticals division.  Once again, the Company failed to

disclose the Patent's failure, and the 2017 10-K instead contained only generic, non-specific

representations concerning the Patent:

> The Company's first patent-pending product candidate, CVSI-007,
> combines CBD and nicotine in treatment of smokeless tobacco use and
> addiction. There are currently no drugs approved by the U.S. Food & Drug
> Administration ("FDA") for treatment of smokeless tobacco use and
> addiction. We believe this product candidate will provide treatment options
> for this significant unmet medical need. The Company is hopeful to be in a
> position to file an Investigational New Drug Application ("IND") with the
> FDA in the next 12 months. We completed a pre-IND meeting with the FDA
> in June 2017 and obtained guidance on this development program. CVSI-
> 007 is based on proprietary formulations, processes and technology that ***we***
> ***believe are patent-protectable. In May 2016, we filed a patent application***
> ***for these formulations and processes with the U.S. Patent and Trademark***
> ***Office.***

(Emphasis added.)  Despite having knowledge of the ***final*** rejection status of the Patent prior to the filing,

the Defendants continued to wrongfully represent to the public that CVSI-007 was patent-protectable.

32.    On May 14, 2018, CV Sciences filed a quarterly report on Form 10-Q for the first quarter

of 2018 (the "Q1 2018 10-Q").  The Q1 2018 10Q was signed by then-President and CEO Michael Mona,

Jr. and CFO Joseph D. Dowling.   In the Q1 2018 10-Q, Defendants failed to disclose any and all

information regarding the rejected Patent.  Rather, once again, Defendants did not indicate that they knew

CVSI-0007 had a final rejection status on its Patent and only included only the following representation:

"The Company's product candidates are based on proprietary formulations, processes and technology

that ***we believe are patent-protectable, and we plan to vigorously pursue patent protection on the***

*Company's two drug candidates*." (Emphasis added.)

33. On June 26, 2018, CEO and CFO Joseph D. Dowling sent a statement to CV Sciences' shareholders, stating that its "patent-pending drug candidate (CVSI-007)" has a market that has been estimated at "greater than $2 billion and provides another important growth channel for our Company." Mr. Dowling's statement projected growth to CV Sciences shareholders based on the Patent, despite the fact that the Patent had at that point carried a final rejected status for over six months.

34. On August 1, 2018, the CV Sciences filed a quarterly report on Form 10-Q for the second quarter of 2018 (the "Q2 2018 10-Q"). The Q2 2018 10-Q was signed by CEO and CFO Joseph D. Dowling. The Q2 2018 10-Q again failed to inform its investors that Defendants knew the Patent had been rejected, stating only: **"**The Company's product candidates are based on proprietary formulations, processes and technology that *we believe are patent-protectable, and we plan to vigorously pursue patent protection on the Company's two drug candidates.***"** (Emphasis added.)

35. On August 1, 2018, CV Sciences issued a press release reporting its financial and operating results for the second quarter of 2018 financial results. In the press release, CEO and CFO Joseph D. Dowling stated: "Our drug development program is making steady progress in advancing our *proprietary lead drug candidate – CVSI-007* – which addresses the multibillion dollar smokeless tobacco use and addiction market." (Emphasis added.)

36. The statements referenced in ¶¶ 27-35 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about CV Sciences' business and operations. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) CV Sciences' Patent for CVSI-007, the Company's leading drug candidate, had been rejected by the USPTO; (ii) accordingly, CV Sciences had significantly overstated the commercial viability of CVSI-007; and (iii) as a result, CV Sciences' public statements were materially false and misleading at all relevant times.

8

**The Truth Begins to Emerge**

37.    On August 20, 2018, Citron Research reported, via Twitter, the USPTO's April 27, 2017 non-final rejection and December 14, 2017 final rejection of CV Science's Patent application for CVSI-007, stating, in relevant part: "$CVSI misrepresentation by management. The total bull case is based on *REJECTED patents the company has never disclosed and continues to hype*." (Emphasis added.) (*See* Figure 1.)



(*Figure 1.*)

38.    Following publication of Citron's findings, CV Sciences' stock price fell $2.40 per share, or 36.31%, to close at $4.21 per share on August 20, 2018.

39.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of CV Sciences securities, Plaintiff and other Class members have suffered significant losses and damages.

**CLASS ACTION ALLEGATIONS**

9

40.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired CV Sciences securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of CV Sciences, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

41.    The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are hundreds, if not thousands, of members in the proposed Class. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

42.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

43.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

44.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of CV Sciences;

10

- whether the Individual Defendants caused CV Sciences to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of CV Sciences securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

46.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- CV Sciences  securities are traded in an efficient market;

- CV Sciences shares were liquid and traded with moderate to heavy volume during the Class Period;

- CV Sciences traded on the OTC market and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of CV Sciences securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold CV Sciences securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

47.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

48.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

### FIRST CLAIM FOR RELIEF

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

49.     Plaintiff repeats and realleges each and every allegation contained above as it fully set forth herein.

50.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

51.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of CV Sciences securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire CV Sciences securities and options at artificially inflated

1
2

prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

3
4
5
6
7
8
9
10

52.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for CV Sciences securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about CV Sciences' finances and business prospects.

11
12
13
14
15
16
17
18
19
20

53.     By virtue of their positions at CV Sciences, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

21
22
23

54.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of CV Sciences, the Individual Defendants had knowledge of the details of CV Sciences' internal affairs.

24
25
26
27
28

55.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of CV Sciences. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely,

13

accurate, and truthful information with respect to CV Sciences' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of CV Sciences securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning CV Sciences' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired CV Sciences securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

56. During the Class Period, CV Sciences securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired CV Sciences securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of CV Sciences securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of CV Sciences securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

57. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

58. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of CV Sciences securities during the Class Period, upon the disclosure that CV Sciences had been

14

disseminating misrepresented financial statements to the investing public.

## SECOND CLAIM FOR RELIEF

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

59.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

60.    During the Class Period, the Individual Defendants participated in the operation and management of CV Sciences, and conducted and participated, directly and indirectly, in the conduct of CV Sciences' business affairs.  Because of their senior positions, they knew the adverse non-public information about CV Sciences' false statements.

61.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to CV Sciences' financial condition and results of operations, and to correct promptly any public statements issued by CV Sciences which had become materially false or misleading.

62.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which CV Sciences disseminated in the marketplace during the Class Period concerning CV Sciences' results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause CV Sciences to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of CV Sciences within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of CV Sciences securities.

63.    Each of the Individual Defendants, therefore, acted as a controlling person of CV Sciences. By reason of their senior management positions and/or being directors of CV Sciences, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause CV Sciences

to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of CV Sciences and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

64.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by CV Sciences.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated:  September 6, 2018

Respectfully submitted,

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Facsimile: 702-825-0141

16

andrew@mlolegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
Email:  peretz@bgandg.com

*Attorneys for Plaintiff*

**Submission Date**

2018-08-29 10:49:58

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.    I  make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against CV Sciences, Inc. ("CV Sciences" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire CV Sciences securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired CV Sciences securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in CV Sciences securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.

# Name

**Print Name**

Lenny Alvarado

# Acquisitions

**Configurable list (if none enter none)**

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
|---|---|---|
| 8/17/18 | 5000 | 6.27 |
| 8/20/18 | 2000 | 3.88 |

**Sales**

## Documents & Message

**Upload your brokerage statements showing your individual purchase and sale orders.**



**Signature**



**Full Name**

Lenny Alvarado



**CV Sciences, Inc. (CVSI)**                                                                    **Alvarado, Lenny**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|------|------------------|------------------------|----------------------|
| 8/17/2018 | Purchase | 5,000 | $6.2700 |
| 8/20/2018 | Purchase | 2,000 | $3.8800 |