**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: CV SCIENCES, INC. SECURITIES LITIGATION | Case No. 2:18-cv-01602-JAD-BNW<br><br>and member case 2:18-cv-1709-JAD-EJY<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>ECF Nos. 168, 170 |
| This Document Relates to: | |

WHEREAS this matter came before the Court for hearing on July 22, 2022, and following the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated March 9, 2022, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated January 31, 2022 (the "Stipulation");

WHEREAS the Court has heard all persons properly appearing and requesting to be heard, considered all papers filed and proceedings had herein, and found good cause appearing; NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation (which is attached hereto), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only a Class defined as all Persons who purchased the common stock of CV Sciences, Inc. ("CV Sciences") in the United States or on the OTC between June 19, 2017, and August 20, 2018, at 1:21 p.m. EST, inclusive, and were allegedly damaged thereby.  Excluded from the Class are: (a) Defendants; (b) the officers and directors of the Company at all relevant times; (c) members of any Defendant's immediate families; (d) any entity in which Defendants have or had a controlling interest or which is related to or

affiliated with any of the Defendants; (e) the legal representatives, heirs, agents, successors or assigns of such excluded Persons; (f) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; (g) those who purchased CV Sciences common stock on foreign exchanges, in accordance with the United States Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010) ("[I]t is in our view only transactions in securities listed on domestic exchanges, and domestic transactions in other securities, to which §10(b) applies."); and (h) any Persons who exclude themselves by submitting a request for exclusion that is accepted by the Court.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff Richard Ina, Trustee for The Ina Family Trust, as Class Representative for the Class, Faruqi & Faruqi, LLP as Class Counsel for the Class, and Muckleroy Lunt, LLC as Liaison Class Counsel for the Class.

5.      The Court finds that the mailing of the Notice and Proof of Claim and Release form and the publication of the Summary Notice complied with the terms of the Stipulation and the Preliminary Approval Order, and provided the best notice practicable under the circumstances of those proceedings and the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and the requirements of due process.

6.      There were 1,163 claims, one objection, and one valid request for exclusion.

7.      In light of the benefits to the Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

(a)      the Stipulation and the settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)      there was no collusion in connection with the Stipulation;

(c)      the Stipulation was the product of informed, arm's-length negotiations among

2

competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

8.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.   Except as to any individual claim of Charlotte McCann, who validly requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice, along with Member Case 2:18-cv-1709-JAD-EJY.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Released Parties.

10.     Lead Plaintiff and all Class Members are hereby forever barred from prosecuting any of the Released Claims against any of the Released Parties.

11.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged Lead Plaintiff, Plaintiff's Counsel, and each and all of the Class Members from all Settled Defendants' Claims.

12.     Each Member of the Class, whether or not such Member of the Class executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims set forth in the Stipulation.

13.     Charlotte McCann is hereby excluded from the Class, is not bound by this Judgment, and may not make any claim with respect to or receive any benefit from this settlement.

14.     Neither this Judgment, the Stipulation, nor any negotiations or proceedings connected thereto, nor any of the documents, provisions, or statements referred to therein: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claims,

1  or of any wrongdoing or liability of the Released Parties; (b) is, or may be deemed to be, or may be

2  used as an admission of, or evidence of, any fault or omission of any Released Parties in any civil,

3  criminal, or administrative proceeding in any court, administrative agency or other tribunal; and (c) is,

4  or may be deemed to be, or may be used as an admission of, or evidence of, any infirmity of the claims

5  alleged by Lead Plaintiff.  Released Parties, Lead Plaintiff, or any Member of the Class may file the

6  Stipulation and/or this Judgment from this Action in any other action that may be brought against them

7  in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

8  release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue

9  preclusion or similar defense or counterclaim.

10       15.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable

11  method to allocate the Settlement Fund among Class Members, and Lead Counsel and the Claims

12  Administrator are directed to administer the Plan of Allocation in accordance with its terms and the

13  terms of the Stipulation.

14       16.     Lead Counsel is awarded attorneys' fees in the amount of $178,125, and expenses in the

15  amount of $37,731.49, and these amounts shall be paid out of the Settlement Fund immediately

16  following entry of this Order subject to the terms, conditions, and obligations of the Stipulation, which

17  terms, conditions and obligations are incorporated herein.

18       17.     Lead Plaintiff is awarded in total $12,000 as an award for reasonable costs and expenses

19  directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4),

20  such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

21       18.     Without affecting the finality of this Judgment in any way, this Court hereby retains

22  continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the

23  Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all

24  parties herein for the purpose of construing, enforcing, and administering the Stipulation.

25       19.     The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the

26  Action, the Settling Parties and their respective counsel at all times complied with the requirements of

27  Federal Rule of Civil Procedure 11.

28       19.     In the event that the Settlement does not become effective in accordance with the terms

of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     IT IS THEREFORE ORDERED that the Motions for Final Approval of the Settlement and for and for an Award of Fees, Expenses, and Incentive Award **[ECF Nos. 168, 170] are GRANTED** as stated herein.  The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE and related case 2:18-cv-1709.**

DATED: July 22, 2022

_____
THE HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE